In the Matter of Betty R. LONG, Debtor.

George R. HOOVER and Kathleen D. Hoover, Plaintiffs,

v.

Betty R. LONG, Defendant.

Bankruptcy No. 82–2017.
Adv. No. 82–751.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Oct. 31, 1983.

William H. Frecker, Tampa, Fla., Robert F. Splitt, Inglis, Fla., for plaintiffs.

Jary C. Nixon, Tampa, Fla., for defendant.

## ORDER TO REMAND

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an adversary proceeding originally commenced by a complaint filed by George R. Hoover and Kathleen D. Hoover, his wife, in the Circuit Court of the Fifth Judicial Circuit in and for Citrus County, Florida. The complaint was filed on March 5, 1982. The Defendant, Betty R. Long, after an unsuccessful attempt to obtain a dismissal of the complaint, filed an answer and a pleading entitled "Counter-Complaint." Thereafter, the parties commenced discovery proceedings and the matter was set for trial by an order entered in the state court on July 29, 1982 for October 4, 1982. The Defendant/CounterPlaintiff, pursuant to the pre-trial order, furnished the names of sixty-six (66) prospective witnesses to be called at the upcoming trial. She also filed a schedule of exhibits and documents which the Defendant/CounterPlaintiff intended to use at the trial.

·Betty R. Long, the Defendant/CounterPlaintiff filed a petition for relief under Chapter 13 on September 29, 1982 and on October 1, 1982, or three days before the scheduled trial in the state court, she filed an application to remove the civil action to the Bankruptcy Court. On October 8, 1982, this Court entered an order on the Debtor's application for removal, approved the application and directed the Defendant/CounterPlaintiff to transfer the entire record of the removed case to this Court. On October 20, 1982, the Plaintiff/CounterDefendant filed a motion to remand which was heard in due course and on December 14, 1982, this Court entered an order and denied the motion to remand and rescheduled the matter for pre-trial conference on February 2, 1983.

On February 8, 1983, this Court entered an order concluding the pre-trial conference and directed that the parties shall complete discovery by March 4, 1983 and scheduled the final evidentiary hearing for April 20, 1983. The order also directed the parties to exchange names and addresses of witness on or before March 11, 1983. On March 11, 1983, this Court entered an order and continued the trial date and rescheduled the same for June 21, 1983. On June 3, 1983, the Court rescheduled the final evidentiary hearing for August 1, 1983 and on July 13, 1983, counsel for the Plaintiff/CounterDefendant filed a motion for continuance on the ground that the witness list furnished by the Defendant/CounterPlaintiff in the state court, comprised of sixty-six (66) witnesses, rendered it impossible for counsel to prepare for trial. On July 18, 1983, the Defendant/CounterPlaintiff filed a supplemental witness list by adding two additional names to the list. On August 16, 1983, the Plaintiff/CounterDefendant also filed an amendment to their witness list.

It appears that there was a motion to strike and a motion for summary judgment filed in the state court of which there was no disposition prior to the removal. Therefore, these matters were rescheduled for hearing on September 15, 1983. On September 20, 1983, this Court entered an order which dismissed Count II of the Defendant/CounterPlaintiff's counterclaim on the assumption that the same was abandoned, but denied the motion for extraordinary relief and the motion to remand and gave the parties 10 days to file their respective briefs on the motion for summary judgment. On October 7, 1983, this Court entered an order and denied the motion for summary judgment filed by the Plaintiff/CounterDefendant and scheduled the final evidentiary hearing for November 10, 1983. The Defendant/CounterPlaintiff filed a motion for rehearing on September 23, 1983 and sought a modification of the order of September 20, 1983 relating to a dismissal of a count based on rescission. On October 11, 1983, the Plaintiff/CounterDefendant filed a motion to compel the Defendant/CounterPlaintiff to submit a list of witnesses who actually will be called in order to depose them. This motion is scheduled to be heard on October 26, which, because of absence of counsel for the Plaintiff/CounterDefendant from the state, was

continued and rescheduled for November 1, 1983.

Due to the pendency of this proceeding, the Chapter 13 case of the Defendant/CounterPlaintiff made no progress and was rescheduled for confirmation from time to time. The last confirmation hearing was scheduled for October 25, 1983 and because of the unresolved status of the litigation it became apparent that the plan cannot be considered for confirmation. At the confirmation hearing, it was called to the Court's attention that the motion filed by the Plaintiff/CounterDefendant which sought an order compelling the Defendant/CounterPlaintiff to furnish a list of witnesses she actually intends to call at trial is still pending. Counsel for the Defendant/CounterPlaintiff stated its unwillingness to furnish such a list. In light of this statement, it became apparent that the trial cannot be held on the scheduled date because the Plaintiff/CounterDefendant was not given an opportunity to conduct a sensible discovery. This is so because it is quite obvious that it is absurd to bombard a litigant with a list of an army of prospective witnesses without specifying which of them will actually testify. In such a situation, the litigant is faced with two choices, both of them unfair. He either takes the chance and guesses which of them will actually testify and depose them or not to take this chance and depose all of them, in this instance, sixty-six (66) persons. The discovery Rules of FRCP as adopted by the Bankruptcy Rules were designed to secure the *just, speedy* and *inexpensive* determination of every act. FRCP 1 (emphasis supplied) The discovery Rules were designed to eliminate a battle of wits and a trial by ambush.

In light of this development, counsel for the Plaintiff/CounterDefendant renewed his motion to remand the proceeding to the state court.

It is without dispute that the court denied two motions to remand filed by the Plaintiff/CounterDefendant. The first was made while the stay granted by the Supreme Court in *Northern Pipeline Construc-*tion Company v. Marathon Pipe Line Co.,* 458 U.S. 50, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982) was still in effect and the jurisdictional grant by the Bankruptcy Reform Act of 1978 by § 241(a) of the Judicial Code, 28 U.S.C. 1471 et sq. including the Section dealing with removals, § 1478, were intact and unaffected by the decision of the Supreme Court in *Northern Pipeline, supra.* The second was made after the expiration of the stay, but while the Emergency Model Rule controls the jurisdiction of this Court. There is no question that this adversary proceeding is a "related proceeding" as that term is defined by the Emergency Model Rule (d)(3)(A). Thus, in the absence of a consent to the jurisdiction, none of which is appearing from this record, this Court is prohibited by the Emergency Model Rule to enter a judgment or a dispositive order, but shall submit findings, conclusions and a proposed final judgment to a District Judge pursuant to Emergency Model Rule (d)(3)(B). This being the case, this case might have to be tried twice, if it is retained. Emergency Model Rule (e)(A)(iii).

In light of the fact that this proceeding was ready for trial in the state court before it was removed, it would be unjust to further delay the resolution of this controversy by retaining the proceeding and the interest of both the Plaintiff/CounterDefendant and the Defendant/CounterPlaintiff would be better served by remanding this proceeding to the state court.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the oral motion to remand the above-captioned adversary proceeding made by counsel for the Plaintiff/CounterDefendant be, and the same hereby is, granted and the civil action be, and the same hereby is, remanded to the Circuit Court for the Fifth Judicial Circuit in and for Citrus County, Florida. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Rehearing filed by the Defendant, CounterPlaintiff be, and the same hereby is, granted and ordering paragraph number one of the order entered September 20, 1983 be, and the same hereby

is, changed to reflect that the Defendant/CounterPlaintiff, Betty R. Long, merely abandoned her claim for rescission, but not the factual allegations set forth in Count II of the complaint as they relate to the claim for damages. It is further

ORDERED, ADJUDGED AND DECREED that all hearings scheduled in the above-captioned adversary proceeding are cancelled.